UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA LIMON,<br><br>                                    Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO, et al.,<br><br>                                    Defendants. | Case No.:  23-cv-01491-AJB-BJW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION REGARDING SCHEDULING ORDER**<br><br>(Doc. No. 47) |

Before the Court is the Joint Motion to Continue Expert Discovery, Expert Disclosure, and Pretrial Motion Deadlines; Joint Request for Leave to Complete Deposition of Defendant Stephanie Rose After Fact Discovery Deadline ("Joint Motion"). (Doc. No. 47.) The Court **FINDS** that a hearing is not necessary to resolve the Joint Motion and **VACATES** the status hearing set for July 9, 2026. CivLR 7.1.d.1.

For the following reasons, the Joint Motion is **GRANTED IN PART** and **DENIED IN PART**. (Doc. No. 47) Plaintiff Rebecca Limon ("Limon") may complete the deposition of Defendant Stephanie Rose ("Rose") by **July 15, 2026**. The remaining deadlines in the January 27, 2026 Amended Scheduling Order (Doc. No. 37) and Magistrate Judge Brian J. White's May 19, 2026 Minute Order (Doc. No. 44) remain unchanged.

## I.   BACKGROUND

### A.   Factual Background

Defendant City of San Diego (the "City") employed Limon as a Crime Scene Specialist. (Doc. No. 18 at 2.) After processing a homicide scene in 2010, Limon was diagnosed with Post-Traumatic Stress Disorder. (*Id.*) A year later, Limon went on medical leave. (*Id.*) Limon claims that when she returned to work in 2012, she was subjected to a hostile work environment and that her supervisors and co-workers refused to accommodate her disability. (*Id.*) Limon returned to medical leave in 2014. (*Id.*)

Limon subsequently applied for a Latent Print Examiner position with the City. (*Id.*) In 2017, Limon sued the City for violating its own policies regarding placement of disabled employees. (*Id.*) In 2020, Limon and the City reached a settlement that required the City to try to place Limon in a vacant, available position. (*Id.*)

In early 2021, Limon and the City discussed placing Limon in a Latent Print Examiner position. (*Id.* at 2–3.) However, the City required Limon to undergo a background investigation and a polygraph examination. (*Id.* at 3.) Limon contends that the investigation and examination were not required by the City's transfer process or the settlement. (*Id.*) In August 2021, the City informed Limon that she did not pass the background investigation, at least in part due to the results of the polygraph examination. (*See id.*) The City refused to retest Limon and to exempt her from the polygraph examination. (*Id.* at 3–4.) In December 2021, the City informed Limon that she was not eligible for any positions because of the failed polygraph examination. (*Id.* at 4.)

### B.   Procedural Background

On August 14, 2023, Limon initiated this action. (Doc. No. 1.) The City, Rose, and the other individual Defendants[1] moved to dismiss Limon's complaint. (Doc. Nos. 3; 5.) The Court collectively refers to all Defendants as "Defendants."

---

[1]   The other individual Defendants consist of Chief of Police Dave Nisleit, Melissa Jackson, Silvia Satrom, Gil Witte, and Does 1–10. (*See id.*)

23-cv-01491-AJB-BJW

On August 8, 2024, the Court granted in part and denied in part the motions to dismiss. (Doc. No. 18.) Limon then filed a first amended complaint, which the Defendants answered. (Doc. Nos. 19; 20.)

On November 4, 2024, Magistrate Judge Barbara Lynn Major issued a scheduling order that set the following relevant deadlines:

| Event | 11/04/2024 Deadlines |
|---|---|
| Fact Discovery | 07/25/2025 |
| Expert Disclosures | 08/29/2025 |
| Expert Discovery | 10/24/2025 |
| Pretrial Motions | 11/21/2025 |

(Doc. No. 27.)

On May 23, 2025, the parties moved for a four-month extension of all scheduling order deadliness to accommodate (1) Limon's father's terminal cancer; (2) Limon's counsel's, Suzy Moore ("Moore"), daughter being hospitalized several times between January 2025 through April 2025; and (3) Moore's husband experiencing complications from prior injuries. (Doc. No. 29 at 2.) Moore also noted that she had "other State and Federal deadlines and is a sole practitioner." (*Id.*)

Four days later, Magistrate Judge Major granted the extension request and set the following relevant deadlines:

| Event | 11/04/2024 Deadlines | 05/27/2025 Deadlines |
|---|---|---|
| Fact Discovery | 07/25/2025 | 11/25/2025 |
| Expert Disclosures | 08/29/2025 | 12/29/2025 |
| Expert Discovery | 10/24/2025 | 02/24/2026 |
| Pretrial Motions | 11/21/2025 | 03/21/2026 |

(Doc. No. 30.)

On September 26, 2025, the parties moved for a second four-month extension of all scheduling order deadlines to accommodate Moore's paralegal's injuries incurred on May

23-cv-01491-AJB-BJW

28, 2025. (Doc. Nos. 31; 31-1 ¶ 4.) The paralegal was Moore's only employee and was out of work for approximately five weeks. (Doc. No. 31-1 ¶ 4.) The paralegal subsequently went on medical leave between August and September 2025, and ultimately notified Moore in September 2025 that the paralegal may have to permanently retire. (*Id.* ¶ 6.)

On September 30, 2025, Magistrate Judge Major granted the extension request and set the following relevant deadlines:

| Event | 11/04/2024 Deadlines | 05/27/2025 Deadlines | 09/30/2025 Deadlines |
|---|---|---|---|
| Fact Discovery | 07/25/2025 | 11/25/2025 | 03/25/2026 |
| Expert Disclosure | 08/29/2025 | 12/29/2025 | 04/28/2026 |
| Expert Discovery | 10/24/2025 | 02/24/2026 | 06/01/2026 |
| Pretrial Motions | 11/21/2025 | 03/21/2026 | 07/19/2026 |

(Doc. No. 32.) The case was then transferred to Magistrate Judge White. (Doc. No. 33.)

On January 27, 2026, following a status conference, Magistrate Judge White granted an extension of certain pre-pretrial motion deadlines "due to minor scheduling conflicts as well as previous unforeseen personal emergencies of counsel and staff." (Doc. Nos. 36; 37 at 1.) The following relevant deadlines were set:

| Event | 11/04/2024 Deadlines | 05/27/2025 Deadlines | 09/30/2025 Deadlines | 01/27/2026 Deadlines |
|---|---|---|---|---|
| Fact Discovery | 07/25/2025 | 11/25/2025 | 03/25/2026 | 05/25/2026 |
| Expert Disclosure | 08/29/2025 | 12/29/2025 | 04/28/2026 | 05/22/2026 |
| Expert Discovery | 10/24/2025 | 02/24/2026 | 06/01/2026 | 07/12/2026 |
| Pretrial Motions | 11/21/2025 | 03/21/2026 | 07/19/2026 | 07/19/2026 |

(Doc. No. 37.)

On May 11, 2026, the parties raised a discovery dispute with Magistrate Judge White. (Doc. No. 42.) Following a discovery conference on May 19, 2026, Magistrate Judge White granted a fourth extension of the expert disclosure and fact discovery deadlines:

23-cv-01491-AJB-BJW

| Event | 11/04/2024 Deadlines | 05/27/2025 Deadlines | 09/30/2025 Deadlines | 01/27/2026 Deadlines | 05/19/2026 Deadlines |
|---|---|---|---|---|---|
| Fact Discovery | 07/25/2025 | 11/25/2025 | 03/25/2026 | 05/25/2026 | 06/12/2026 |
| Expert Disclosure | 08/29/2025 | 12/29/2025 | 04/28/2026 | 05/22/2026 | 06/19/2026 |
| Expert Discovery | 10/24/2025 | 02/24/2026 | 06/01/2026 | 07/12/2026 | 07/12/2026 |
| Pretrial Motions | 11/21/2025 | 03/21/2026 | 07/19/2026 | 07/19/2026 | 07/19/2026 |

(Doc. No. 44.)

On June 18, 2026, the parties notified Magistrate Judge White that they had not complied with the June 12, 2026 fact discovery deadline because a deposition for Defendant Stephanie Rose remained outstanding. (Doc. No. 45.) The following day, Magistrate Judge White informed the parties that they may move for a continuance of the pretrial motion deadline and the pretrial conference but advised the parties that they are "not to assume that any such continuance will be granted and must proceed accordingly." (*Id.*)

On June 26, 2026, one week after Magistrate Judge White's admonition, the parties filed the present motion. (Doc. No. 47.)

## II.　LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

//

//

//

23-cv-01491-AJB-BJW

## III. DISCUSSION

### A. The Court allows limited leave for Limon to depose Rose by July 15, 2026.

Limon seeks the Court's permission to depose Rose after fact discovery closed on June 12, 2026. (Doc. No. 47 at 9–10.) Limon alleges that Rose was the captain in charge of the crime lab and who discriminated against Limon. (Doc. No. 19 ¶¶ 7, 37–39.) Because of Rose's alleged role, Limon contends that Rose's deposition is "essential" since Rose "was the final decisionmaker regarding the denial of Plaintiff's request to transfer into the Latent Print Examiner position." (Doc. No. 47 at 10.)

Defendants take a more neutral position on this request. On one hand, if the Court continues the pretrial motion deadline, Defendants do not oppose producing Rose for a deposition. (*Id.* at 9.) On the other, if the Court does not continue the pretrial motion deadline, Defendants oppose allowing more time because they "may" then "have insufficient time to evaluate [Rose's] testimony and prepare any dispositive motions on behalf of Ms. Rose and other Defendants." (*Id.*)

In light of the facts that Rose is a named defendant in this matter and that Moore was not able to depose Rose on the two previously scheduled deposition dates, the Court finds that good cause exists to grant Limon limited leave to depose Rose now that the fact discovery deadline has lapsed. (*See id.* at 10.) *See also Johnson*, 975 F.2d at 609. Discovery is otherwise closed in this case.

The Court notes, however, that Limon's other reasons for seeking more time are unavailing.

First, Limon points out that her counsel has encountered multiple conflicts between January 2024 and May 2025. (Doc. No. 47 at 10.) However, the Court has already granted multiple extensions of the scheduling order deadlines that addressed these conflicts. (*See* Doc. Nos. 29–32; *see also* Doc. No. 37.)[2]

---

[2] None of the extensions addressed the facts that Moore "experienced a serious fall . . . that rendered her unable to work from January 2024 through September 2024" or that Moore's daughter "was the victim

23-cv-01491-AJB-BJW

Second, Limon notes that Moore "transitioned to a new law firm, commencing employment on January 20, 2026." (Doc. No. 47 at 10.) She adds that Moore "was required to obtain internal approval to substitute in as counsel for Plaintiff Rebecca Limon, which was completed on June 5, 2026." (*Id.*) It is unclear how and why this transition would have impacted Moore's ability to depose Rose. In fact, Moore was able to defend Limon at a January 22, 2026 deposition, and was later able to depose a Defendant on March 24, 2026. (Doc. No. 47-1 ¶ 7.)

Accordingly, the Court **GRANTS** Limon's request to depose Rose after the June 12, 2026 fact discovery cutoff. (Doc. No. 47.) Limon must complete Rose's deposition **on or before July 15, 2026**.

> **B.** **The parties have not established that good cause exists to continue the expert disclosure, expert discovery, and pretrial motion deadlines.**

At the outset, the parties have not acted diligently in moving to continue the expert disclosure, expert discovery, and pretrial motion deadlines. Both parties appear to agree that the key reason for moving these deadlines is a need for more time to "evaluate testimony and prepare pretrial motions under the existing July 19, 2026 deadline." (Doc. No. 47 at 7.) In particular, the parties assert that the "delayed completion of fact discovery prevents the Parties' experts from considering all evidence necessary to develop opinions to be offered at trial, which has in turn impacted the Parties' ability to consider whether *Daubert* motions are warranted prior to the existing pretrial motion deadline." (*Id.* at 7–8.)

The record indicates that the parties were aware of these scheduling concerns by May 11, 2026. On that date, the parties raised a discovery dispute with Magistrate Judge

---

of a violent crime" in May 2025. (*See* Doc. No. 47 at 10.) However, it is unclear how Moore's ability to work between January 2024 through September 2024 is relevant to deadlines set in and after November 2024. And although the Court is sympathetic to the fact that Moore's daughter was a victim of a violent crime, this is the first time that Moore has identified this issue as a basis for seeking an extension. (*Cf.* Doc. No. 31.) Regardless, Limon and Moore do not offer any explanation as to why the four-month extension granted in September 2025 is insufficient to accommodate any conflicts that have arisen from the incident. (*See generally* Doc. No. 47.)

23-cv-01491-AJB-BJW

White. (Doc. No. 42.) Following a discovery conference on May 19, 2026, Magistrate Judge White continued the fact discovery, expert disclosure, and rebuttal disclosure deadlines. (Doc. No. 44.) One month later, the parties informed Magistrate Judge White that they failed to comply with his May 19, 2026 Order because the Rose deposition was still outstanding. (Doc. No. 45.) Magistrate Judge White thus informed the parties that they could file a motion before the Court, but warned that "they are advised not to assume that any such continuance will be granted and must proceed accordingly." (*Id.*) One week later, on June 26, 2026, the parties filed the Joint Motion. (Doc. No. 47.)

The foregoing facts illustrate that the parties were aware of their scheduling difficulties by May 11, 2026—*before* the fact discovery deadline would have closed on May 25, 2026 (*see* Doc. No. 37), and *before* the parties pushed the fact discovery deadline to a month before the current July 19, 2026 pretrial motion deadline (*see* Doc. No. 44).

However, the parties fail to acknowledge that this issue was known by May 11, 2026, and they do not offer any explanation for why they did not seek relief from the pretrial motion deadline in the intervening six weeks. (*See generally* Doc. No. 47.) This failure and decision to wait over a month militates against a finding of good cause to continue the expert disclosure, expert discovery, and pretrial motion deadlines. *See Zivkovic*, 302 F.3d at 1087.

On the merits, neither party presents a persuasive justification for continuing the expert disclosure, expert discovery, and pretrial motion deadlines.

Beginning with Limon's justifications, Limon points to Moore's conflicts and subsequent transition to the Frantz Law Group. (Doc. No. 47 at 7.) Moore also provides a supporting declaration. (Doc. No. 47-1.) Moore additionally identifies that she is "subject to court-ordered discovery obligations in another federal matter, *Ellis Foster v. Board of Trustees for the State of California*, involving a substantial volume of documents and multiple depositions through June 26, 2026." (*Id.* ¶ 14.)

These justifications are unavailing. Moore's conflicts and subsequent transition to the Frantz Law Group do not establish diligence for the reasons discussed above. (*Supra*

23-cv-01491-AJB-BJW

at 6–7 & n.2.) Moore's competing discovery obligations also appear to be illusory. The Court's independent research reveals that the competing discovery obligation arises from Magistrate Judge Steve B. Chu's February scheduling order in *Foster v. Board of Trustees of the California State University*, No. 24-cv-01917-LL-SBC (S.D. Cal. filed Feb. 24, 2026) (Doc. No. 51). Given that the scheduling order was issued in February 2026, Moore was well-aware of the deadline in the four intervening months. Moore does not offer any explanation for why she could not balance the discovery obligations in both matters. (*See generally* Doc. Nos. 47; 47-1.) Regardless, Moore has requested and received an extension of the relevant *Foster* deadlines to as late as August 14, 2026. Joint Motion, *Foster v. Bd. of Trustees of the Cal. State Univ.*, No. 24-cv-01917-LL-SCB (S.D. Cal. filed June 25, 2026) (Doc. No. 58); Order, *Foster v. Bd. of Trustees of the Cal. State Univ.*, No. 24-cv-01917-LL-SBC (S.D. Cal. filed June 29, 2026) (Doc. No. 59). Thus, any conflict caused by the prior June 26, 2026 deadline is moot. Furthermore, extensions of the expert disclosure, expert discovery, and pretrial motion deadlines would likely only invite more scheduling conflicts.

Turning to Defendants' justifications, Defendants focus on Defense counsel's schedule. (Doc. No. 47 at 7.) In particular, Defendants note that Defense counsel was on vacation between March 30, 2026, and April 3, 2026. (Doc. No. 47-2 ¶ 8.) They add that Defense counsel has two matters set for trial on September 4, 2026; and trials set for January, April, and May of 2027. (Doc. No. 47 at 8; *see also* Doc. No. 47-2 ¶ 7.) In relying on these circumstances, Defendants quote *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 n.7 (9th Cir. 2010), for the proposition that "attorneys, like everyone else, have critical personal and familial obligations . . . . It is important to the health of the legal profession that attorneys strike a balance between these competing demands on their time." (Doc. No. 47 at 7.)

Like Moore's identification of a competing discovery obligation, Defendants' reliance their counsel's schedule does not provide a persuasive basis for continuing the deadlines. Defendants do not offer any evidence that Defense counsel could not plan

23-cv-01491-AJB-BJW

around the identified scheduling conflicts. (*See id.* at 7–8.) Nor do Defendants explain why the City could not provide a co-counsel to accommodate Defense counsel's scheduling conflicts. (*See id.*) In any event, it appears that continuing the deadlines is likely to cause more conflicts with Defense counsel's known trial schedule. (*See id.* at 8.)

Defendants' reliance on *Ahanchian* does not change this analysis. In *Ahanchian*, the plaintiff's counsel

> moved for a one-week extension of time to file his opposition to defendants' summary judgment motion, citing as good cause: (1) the extremely short eight day response deadline (with three of those days falling over a federal holiday weekend) created by the combination of an unusual local rule and defendants' litigation tactics; (2) his preplanned absence, beginning the day defendants filed the motions, in fulfillment of an out-of-state commitment; and (3) the large number of supporting exhibits attached to the defendants' motion.

624 F.3d at 1255. The district court denied the motion and later denied the plaintiff's counsel's request to file an opposition three days late. *Id.* The Ninth Circuit reversed, holding that the plaintiff's counsel "clearly demonstrate[d]" good cause. *Id.* at 1259.

The circumstances establishing good cause in *Ahanchian* are not present here. First, the pretrial motion deadline was set almost a full year ago in September 2025. (Doc. No. 32.) The parties are not being subjected to an "eight day response deadline" created by the Court's rules. *Cf. Ahanchian*, 624 F.3d at 1255. To the extent that the parties will have a shortened window in which to respond to any new information from discovery, it was *the parties'* serial joint requests that have narrowed that window. (*See* Doc. Nos. 36; 37; 42; 44; 45.) Second, there is no clear evidence of gamesmanship by any party to shorten their opponents' time to respond. *See Ahanchian*, 624 F.3d at 1255, 1262–63. Third, to the extent the parties contend that they "will have insufficient time to evaluate testimony and prepare pretrial motions" (Doc. No. 47 at 7), the only new factual testimony that the parties can expect is from Rose. The parties do not offer any explanation as to how or why Rose's deposition could impact their expert disclosures (for which the parties' deadline has already lapsed) or the expert discovery to be conducted. (*See generally* Doc. No. 47.)

23-cv-01491-AJB-BJW

Under these circumstances, the parties have failed to move diligently in seeking to continue the expert disclosure, expert discovery, and pretrial motion deadlines. Accordingly, the Court **DENIES** the Joint Motion as it pertains to continuing the expert disclosure, expert discovery, and pretrial motion deadlines. *Zivkovic*, 302 F.3d at 1087.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Joint Motion. (Doc. No. 47.)

On or before **July 15, 2026**, Limon may depose Defendant Stephanie Rose. **No further continuances will be granted**.

The expert discovery, expert disclosure, and pretrial motion deadlines remain unchanged. (*See* Doc. Nos. 37; 44.)

**IT IS SO ORDERED**.

Dated:  July 2, 2026

Hon. Anthony J. Battaglia
United States District Judge

23-cv-01491-AJB-BJW